**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:14-CV-00002**

CHAD LASSETER                                                                                                Plaintiff,

v.

UNITED STATES GOVERNMENT                                                                    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Motion to Dismiss filed by the Government. (Docket No. 12.) Plaintiff Chad Lasseter has filed no response, and the time for doing so has elapsed. Accordingly, this matter is ripe for adjudication.

**Factual Background**

Lasseter alleges that although he was charged with a crime for which the maximum sentence was fourteen months, he was imprisoned for nineteen months and sixteen days—five months and sixteen days beyond the authorized amount. According to Lasseter, a judge admitted that "he and the rest of the court was wrong." (Docket No. 1 at Paragraph 1.) In support of this claim, Lasseter cites a page from the transcript of a competency hearing conducted by the United States District Court for the Southern District of Illinois. (*See* Docket No. 12-2, Transcript of Competency Hearing (Civil Action No. 4:02-cr-40067, S.D. Ill., Docket No. 84).) In the instant action, Lasseter seeks an award of $100,000,000 in damages for the unlawful imprisoned that he alleges.

The underlying Southern District of Illinois Criminal case resulted from a November 2002 indictment charging Lasseter with being a felon in possession. (Civil Action No. 4:02-cr-40067 (S.D. Ill.), Docket No. 1.) Lasseter pleaded guilty to this charge in April 2003 and was sentenced to fifteen months of incarceration and three years of supervised release. (Civil Action No. 4:02-cr-40067 (S.D. Ill.), Docket No. 16.) He appealed neither his sentence nor his conviction.

In October 2004, the Government moved to revoke Lasseter's supervised release. (Civil Action No. 4:02-cr-40067 (S.D. Ill.), Docket No. 32.) Lasseter remained in custody until the competency hearing on the revocation motion. (Civil Action No. 4:02-cr-40067 (S.D. Ill.), Docket No. 84; *see* Docket No. 12-2.) Upon determining that Lasseter was competent, the district court granted the Government's motion to dismiss its motion to revoke supervised release. The court released Lasseter and ordered that his supervision be terminated. (*See* Docket No. 12-2.)

**Analysis**

The doctrine of sovereign immunity precludes plaintiffs from suing the United States of America without the government's consent. The terms of such consent define a federal court's jurisdiction to hear a suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 515 (6th Cir. 1974). Without a "clear relinquishment" of governmental immunity, a court has no jurisdiction overt tort actions against the United States. *Dalehite v. United States*, 346 U.S. 15, 31 (1953). Among the limited waivers of the government's sovereign immunity is the Federal Tort Claims Act ("FTCA"), which supplies a remedy against the United States for the torts of its officers and employees. *United States v. Orleans*, 425 U.S. 807, 813

(1976). The FTCA waives the government's sovereign immunity for claims brought against it

> for injury or loss of property, or personal injury or death by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.

28 U.S.C. § 1346(b).

This broad waiver of sovereign immunity, however, is not without exceptions. *See Kurinsky v. United States*, 33 F.3d 594, 596 (6th Cir. 1994). The terms of the government's waiver of sovereign immunity establish and define a court's jurisdiction over a lawsuit against the United States. *United States v. Sherwood*, 312 U.S. 584, 587-88 (1941) ("Except as Congress has consented there is no jurisdiction . . . to entertain suits against the United States, or for the review of its decisions by appellate courts."). The Supreme Court has "frequently held . . . that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999).

The FTCA requires a plaintiff to exhaust his administrative remedies before filing suit, and no federal jurisdiction may attach absent compliance with the exhaustion requirement. 28 U.S.C. § 2675(a); *Executive Jet Aviation*, 507 F.2d at 514-15. Congress has delineated an administrative procedure that FTCA claimants must follow so as to permit an agency to receive a claim, investigate it, and perhaps settle the matter before a lawsuit is filed. A plaintiff may institute a lawsuit in federal court only where the claim has been "finally denied by the agency in writing" or when there has been a "failure . . . to make final disposition of a claim within six months after it is filed." 28 U.S.C. §

3

2675(a).[1]  Finally, the statute of limitations established in § 2401(b) requires a plaintiff to both file his administrative claim within two years after accrual of the claim and file his action in district court within six months of the agency's final action. *Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008).

Lasseter confronts a number of procedural obstacles to his claim.  As stated above, his claim asserts false imprisonment, which consists of "detention without legal process." *Wallace v. Kato*, 549 U.S. 384, 389 (2007).  "Limitations begin to run against an action for false imprisonment when the false imprisonment ends." *Id.* (quoting 2 H. Wood, Limitation of Actions § 187d(4), p. 878 (rev. 4th ed. 1916)).  At the latest, then, Lasseter's claim would have accrued on June 20, 2006, when his counsel informed him of the potential injustice.  (*See* Docket No. 1 at Paragraph 4 ("[O]n June 20, 2006, I was told by Melissa Day after the judge admitted he was wrong about me 'the government has a responsibility to compensate people that we are wrong about . . . .'").)  Accordingly, Lasseter's administrative claim came due on June 20, 2008.  However, Lasseter filed no administrative tort claim with the Bureau of Prisons or any other agency, either before or after this deadline.  Because Lasseter has failed to exhaust his administrative remedies

---

[1] Section 2675(a) reads, in relevant part:

> An action shall not be instituted on a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

prior to filing the instant lawsuit, his claims against the United States must be dismissed due to lack of federal jurisdiction.[2]

## Conclusion and Order

Therefore, in accordance with the above discussion, the Government's Motion to Dismiss, (Docket No. 12), shall be GRANTED. All remaining motions shall be DISMISSED as moot.


cc: Chad Lasseter, *pro se*
   Counsel

---

[2] In addition to the procedural barriers to Lasseter's claim, the Court further notes that the transcript of the antecedent proceeding appears to provide little support for his claim. Although Lasseter alleges that "the judge admitted that he . . . was wrong about me," the district court for the Southern District of Illinois did not make a finding that Lasseter had been wrongfully imprisoned. "[I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment . . . the plaintiff must show that the conviction has been reversed on appeal, expunged, declared invalid, or called into question by a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Although Lasseter initiated an action pursuant to 28 U.S.C. § 2255, Judge Phil Gilbert of the Southern District of Illinois dismissed Lasseter's motion as time-barred. (*See* Docket No. 12-3, Civil Action No. 3:06-cv-00479 (S.D. Ill).